# Federal Defenders
## OF NEW YORK, INC.

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
and Attorney-in-Chief

Southern District
*Southern District of New York*
*Jennifer L. Brown*
Attorney-in-Charge

January 24, 2023

**BY ECF**
Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

MEMO ENDORSEMENT.
The Court has been in touch with the United States Probation Office and has requested that Officer Gilmore prepare a report for the Court detailing Mr. Lyons' performance while on supervision and the basis for the conclusion that he is a candidate for early termination.

1/31/2023
SO ORDERED.

*[signature]*
LEWIS J. LIMAN
United States District Judge

Re:   **United States v. George Lyons,**
      **20 Cr. 152 (LJL)**

Dear Judge Liman:

I write to request that the Court order the termination of George Lyons' supervised release. Mr. Lyons has successfully completed 21 months of the 36 months of supervision imposed at sentencing. Mr. Lyons' Probation Officer, Ji'vonne Gilmore, has informed me that Probation considers Mr. Lyons "a candidate for early termination" given his track record of compliance. AUSA Jordan Estes has informed me that the government has "no objection" to early termination in his case.[1]

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). To make this determination, the Court considers the §3553(a) factors to the extent they are applicable, but it does not consider punishment for the underlying offense. Id. (enumerating 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), and specifically omitting § 3553(a)(2)(A) (punishment for the offense)).

As confirmed by Probation, Mr. Lyons has not violated the conditions of his supervision. Rather he has fully complied: he has maintained employment since he commenced supervision and has paid restitution each month. Mr. Lyons has also successfully participated in outpatient treatment;

---

[1] The AUSA who originally handled this case has since left the U.S. Attorney's Office. Ms. Estes provided the government's position on this request in her role as Co-Chief of the General Crimes unit.

all of his drug tests have been negative for over a year.  Mr. Lyons has been so successful in his rehabilitative efforts that he is now a full-time employee at Cornerstone Treatment Facilities Network, an addiction treatment provider, where he makes $17.75 per hour plus overtime as an orderly in the nursing department.  (Mr. Lyons previously worked as a porter at Safety Facility Services and TUCS Cleaning Services, which has the cleaning contract for the Port Authority; he continues to work part time on an on-call basis for TUCS.)

  In sum, Mr. Lyons has made a complete, successful transition back into the community and termination of supervision "is warranted by the conduct of the defendant released and the interest of justice."  § 3583(e)(1).  As noted, neither Probation nor the government makes any objection to this application.

            Respectfully submitted,

            /s/
            Clay H. Kaminsky
            Assistant Federal Defender
            (212) 417-8749 / (646) 842-2622

CC: AUSA Jordan Estes (by email)
   USPO Ji'vonne Gilmore (by email)