```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
UNITED STATES OF AMERICA,                                              :
                                                                       :
                                                                       :
              -v-                                                      :     20-cr-152 (LJL)
                                                                       :
GEORGE LYONS,                                                          :     OPINION AND ORDER
                                                                       :
                           Defendant.                                  :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/13/2023

LEWIS J. LIMAN, United States District Judge:

Defendant George Lyons moves for early termination of his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). Dkt No. 94. The United States Probation Department also petitions for early termination of Mr. Lyons's supervised release.

On February 24, 2020, Mr. Lyons appeared before the Court and pled guilty to a one-count felony information charging him with conspiracy to commit bank fraud, Dkt. No. 24, and on January 29, 2021, the Court sentenced Mr. Lyons to a term of imprisonment of six months imprisonment to be followed by a term of supervised release of three years, Dkt No. 65.

Mr. Lyons began his term of supervised release on April 5, 2021, and he has completed 21 months of his 36-month term of supervised release. He has fully complied with the conditions of supervised release, maintained employment since he commenced supervision, paid restitution each month, and successfully participated in outpatient treatment. Dkt. No. 94 at 1. He is now a full-time employee at Cornerstone Treatment Facilities Network, an addiction treatment provider, where he makes $17.75 per hour plus overtime as an orderly in the nursing department. *Id*. at 2. He also works part-time on an on-call basis for TUCS Cleaning Services. *Id*. All of his drug tests have been negative for over a year. *Id*. The Probation Department has

informed the Court that there is no evidence that he has abused controlled substances since his release.

Section 3583(e)(1) gives the Court the authority to terminate a term of supervised release and to discharge the defendant released at any time after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The factors that the Court is to consider include the nature and circumstances of the offense and history and characteristics of the defendant, *id.* § 3553(a)(1), and the need for the sentence imposed to afford adequate deterrence for criminal conduct, *id*. § 3553(a)(2)(B), to protect the public from further crimes of the defendant, *id*. § 3553(a)(2)(C), and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, *id*. § 3553(a)(2)(D). "[D]istrict courts must consider the factors listed in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6) in deciding whether to modify or terminate a term of supervised release," but need not "make specific findings of fact with respect to each of these factors." *United States v. Gammarano*, 321 F.3d 311, 315 (2d Cir. 2003). "[N]ew or unforeseen circumstances" or the supervisee's "exceptionally good behavior" may be sufficient to permit termination of supervised release, *United States v. Lussier*, 104 F.3d 32, 34–36 (2d Cir. 1997), but they are not a prerequisite for the termination of supervised release, *see United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016).

"The fundamental purpose of supervised release is 'to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release.'" *United States*

*v. Bethea*, 2015 WL 13776431, at *1 (S.D.N.Y. Dec. 7, 2015) (Chin, J.) (quoting *United States v. Aldeen*, 792 F.3d 247, 252 (2d Cir. 2015)). "Supervised release is not, fundamentally, part of the punishment; rather, its focus is rehabilitation." *Id.* (quoting *Aldeen*, 792 F.3d at 252).

The Application Notes to the Sentencing Guidelines encourage the Court to exercise its authority for early termination "in appropriate cases." U.S.S.G. § 5D1.2 App. Note 5. The Application Note provides: "[T]he court may wish to consider early termination of supervised release if the defendant is an abuser of narcotics, other controlled substances, or alcohol who, while on supervised release, successfully completes a treatment program, thereby reducing the risk to the public from further crimes of the defendant." *Id.*

The Court has considered all of the relevant statutory factors. The Court will grant early termination of supervised release effective April 5, 2023, the two-year anniversary of Mr. Lyons's placement on supervised release.[1] Mr. Lyons is a 56-year-old man who has had a history of drug and alcohol addiction that has resulted in numerous encounters with the criminal justice system. His life has tragic elements to it. He served four years in the United States Marine Corps where, although he was rated best in the battalion and received a good conduct medal on one occasion, his alcohol addiction led to disciplinary infractions for missing formation and failure to conduct proper guard duty, and ultimately led to his "other than honorable discharge" at age 21 for his actual possession of alcohol. From that time onward, and until he was released from prison in 2015 at age 49, he spent significant periods of time in custody. When he was not in custody, he alternated between periods of sobriety when he was gainfully employed and periods of addiction when he resorted to crime. Upon his release in 2015, and

---

[1] If Mr. Lyons violates the terms of supervised release between the date of this Order and April 5, 2023, or if other grounds arise for modification of this Order, the Government may move to modify this Order.

while he was sober, he became gainfully employed and avoided criminal behavior. However, he relapsed and was admitted to a residential treatment program in the spring of 2017, which he completed in April 2018. Dkt. No. 48 at 3. While in the program and thereafter, he engaged in valuable and successful public interest work, including in connection with advocacy for incarcerated and formerly incarcerated persons. *Id*. However, he relapsed in the summer of 2018, which led to the instant offenses. *Id*. at 5.

The foregoing recap demonstrates that Mr. Lyons has the capacity to lead a law-abiding life and become a contributing member to society. His experience on supervised release, and before, show that he is motivated to overcome his problems with addiction and that he has the ability to do so. He has successfully participated in a drug treatment program at Samaritan Daytop Village ("SDV"). His primary treatment counselor has informed Probation that Mr. Lyons has been motivated towards treatment. In November 2022, his treatment was decreased due to the considerable progress he made in groups and his ability to verbalize his triggers or drivers. He has maintained employment since the commencement of supervision. In addition to the employment mentioned by his counsel, Mr. Lyons has completed training for Solar Panel Installations and OSHA 40 hours. In September 2022, he received his Certified Nursing Assistance License. His conduct on supervised release thus goes far beyond mere compliance with the terms of supervised release, which "is expected" and does not alone warrant early termination of supervision. *See United States v. Shellef*, 2018 WL 3199249, at *2 (E.D.N.Y. Jan. 9, 2018) (Bianco, J.). Rather, he has fully taken advantage of the opportunities that supervised release provides. The early termination of supervised release is intended, in part, to recognize the progress that Mr. Lyons has made and to reward him for his commitment to his rehabilitation.

It also reflects the Court's conclusion that there appears to be little value to Mr. Lyons remaining under supervised release. There is little evidence he will recidivate. Statistics compiled by the United States Sentencing Commission demonstrate that the recidivism rate of older offenders (defined as persons over 50) was less than half that of offenders under the age of 50; that older offenders had a small median number of recidivism events (one), compared to offenders under the age of 50 (three); and that older offenders had a longer median time to recidivism (20 months) relative to offenders under the age of 50 (19 months). United States Sentencing Commission, Older Offenders in the Federal System 43 (July 2022). The Probation Department's risk assessment instrument has deemed Mr. Lyons to be at low to moderate risk of recidivism. Mr. Lyons is also on New York State parole for life as a result of his New York State violations; he thus remains under supervision. Moreover, the Probation Department advises that if Mr. Lyons receives early termination, he can continue to receive the supportive services offered by SDV.

Based on all of these factors, on the two-year anniversary of Mr. Lyons's placement on supervised release and on the assumption that he continues to comply with the terms of supervised release, the Court finds that supervised release will have served its function and that he will be entitled to be relieved from those restraints on his liberty. Mr. Lyons's motion for termination of supervised release is therefore GRANTED, effective April 5, 2023.

SO ORDERED.

Dated: February 13, 2023
      New York, New York

                                                  LEWIS J. LIMAN
                                              United States District Judge